1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PATRICK JACKSON,

11            Plaintiff,                    No.  2:12-cv-0124 JFM (PC)

12        vs.

13   SHANKARI REDDY, et al.,

14            Defendants.                   ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  This action is proceeding on plaintiff's original complaint, filed January 17,

18   2012.  On July 2, 2012, defendants Lysak, Kansier, Stocker, Reddy, and Jennings filed a motion

19   to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  On August 3, 2012, plaintiff filed a motion for

20   an extension of time to respond to the motion to dismiss.  On August 17, 2012, plaintiff filed a

21   proposed first amended complaint.  On August 20, 2012, defendants filed a motion for a court

22   order directing plaintiff to refile and reserve the first amended complaint, for the court to screen

23   the first amended complaint, and for an extension of time to respond thereto.  On August 20,

24   2012, plaintiff filed exhibits to append to the proposed first amended complaint.  Finally, on

25   September 10, 2012, plaintiff filed a request for the court to accept the first amended complaint

26   /////

1

1  and to send a copy of the first amended complaint and the exhibits filed August 20, 2012 to

2  defendants.

3          Rule 15 of the Federal Rules of Civil Procedures provides in relevant part that a

4  party may amend a pleading once as a matter of right twenty-one days after service of a motion to

5  dismiss pursuant to Fed. R. Civ. P. 12(b).  See Fed. R. Civ. P. 12(a)(1).  Otherwise, amendment

6  must be with the written consent of the opposing party or leave of court.  See Fed. R. Civ. P.

7  12(a)(2).  The court construes defendants' August 20, 2012 motion as written consent to

8  amendment of the complaint.  Good cause appearing, plaintiff's September 10, 2012 request will

9  be granted.  The amended complaint will be comprised of the first amended complaint filed

10  August 13, 2012 (Docket No. 18) and the exhibits filed August 20, 2012 (Docket No. 22).

11          The court has screened the first amended complaint pursuant to 28 U.S.C. §

12  1915A.  The amended complaint states a cognizable claim for relief against defendants Lysak,

13  Kansier, Stocker, Reddy, and Jennings pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) .

14  If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to

15  prevail on the merits of this action.  Accordingly, said defendants will be directed to respond to

16  the first amended complaint, and their request for an extension of time to do so will be granted.

17  Good cause appearing, the Clerk of the Court will be directed to send a copy of the first amended

18  complaint and exhibits thereto to counsel for defendants.  Plaintiff will not be required to re-

19  serve said documents on defendants.

20          Defendants' July 2, 2012 motion to dismiss and plaintiff's August 3, 2012 motion

21  for extension of time are mooted by this order and will therefore be denied.

22          Finally, in light of Woods v. Carey, 684 F.3d 934 (9th Cir. 2012, and good cause

23  appearing, the court will by this order set additional notice requirements for any defense motion

24  to dismiss for failure to exhaust administrative remedies and/or for summary judgment.

25          In accordance with the above, IT IS HEREBY ORDERED that:

26          1. Defendants' July 2, 2012 motion to dismiss (Docket No. 15) is denied as moot;

2.  Plaintiff's August 3, 2012 motion for extension of time (Docket No. 17) is denied as moot;

3.  Defendants' August 20, 2012 motion (Docket No. 21) is granted in part and denied in part;

4.  Plaintiff's September 10, 2012 request (Docket No. 23) is granted;

5.  This action shall proceed on plaintiff's first amended complaint, which is comprised of the pleading filed August 13, 2012 (Docket No. 18) and the exhibits filed August 20, 2012 (Docket No. 22);

6.  The first amended complaint states a cognizable claim for relief against defendants Lysak, Kansier, Stocker, Reddy, and Jennings;

7.  The Clerk of the Court is directed to send a copy of plaintiff's first amended complaint (Docket Nos. 18 and 22) to counsel for defendants;

8.  Defendants Lysak, Kansier, Stocker, Reddy, and Jennings shall file and serve a response to the first amended complaint within thirty days from the date of this order;

9.  If any defendant in this action moves to dismiss for failure to exhaust administrative remedies, defendant must contemporaneously serve with the motion, but in a separate document, a copy of the attached Wyatt Notice. **Failure to do so may constitute grounds for denial of the motion.**

10.  If defendant moves for summary judgment, defendant must contemporaneously serve with the motion, but in a separate document, a copy of the attached Rand Notice. **Failure to do so may constitute grounds for denial of the motion.**

DATED:  October 23, 2012.

UNITED STATES MAGISTRATE JUDGE

3

**Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion to dismiss for failure to exhaust administrative remedies.  See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Wyatt v. Terhune, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003).  The court requires that you be provided with this notice regarding the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.

When a defendant moves to dismiss some or all of your claims for failure to exhaust administrative remedies, the defendant is requesting that the court dismiss claims for which you did not exhaust available administrative remedies.  A "motion to dismiss for failure to exhaust administrative remedies is similar to a motion for a summary judgment in that the district court will consider materials beyond the pleadings."  Stratton v. Buck, 2012 WL 4094937, at *3 (9th Cir. Sept. 19, 2012).  The defendant may submit affidavits or declarations under penalty of perjury and admissible documents in support of the motion.

To oppose the motion, you must submit proof of specific facts regarding the exhaustion of administrative remedies. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated.  You may also submit declarations setting forth facts regarding exhaustion of your claims, as long as the person who signs the declaration has personal knowledge of the facts stated.  You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents.  If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.  If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition.  See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, your unexhausted claims will be dismissed.  If all of your claims are unexhausted, your entire case will be over.  If, however, you exhaust administrative remedies for your claims at a later date, you may raise those claims in a new action.

**Rand Notice to Plaintiff**

  This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment.  <u>See</u> <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012); <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998).  The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

  When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial.  If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant.  A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

  To oppose a motion for summary judgment, you must show proof of your claims.  To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated.  You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated.  You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents.  For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed.  If you deny a fact, you must cite to the proof that you rely on to support your denial.  <u>See</u> L.R. 260(b).  If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

  The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition.  If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition.  <u>See</u> L.R. 230(l).

  If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.